IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALE RADFORD,

        PLAINTIFF,

    vs.

FALLS LAKE NATIONAL INSURANCE
COMPANY,

      DEFENDANT.

CASE NO.

HON.

---

There are no other civil actions arising from the transaction between the parties hereto.

## COMPLAINT

COME NOW Plaintiff and for his Complaint, states as follows:

1. Plaintiff, Gale Radford, is and was at all times relevant to this Complaint a resident of Muskegon County, State of Michigan.

2. Defendant Falls Lake National Insurance Company is a corporation licensed to conduct business in the City of Raleigh, North Carolina and, at all times relevant to this complaint, conducted business in Muskegon County, State of Michigan.

3. The accident at issue in this case took place in the City of North Shores, Muskegon County, State of Michigan.

4. That the amount in dispute is more than $75,000 exclusive of interest, costs and attorneys' fees.

5. This Court has jurisdiction over this matter on the basis of diversity, pursuant to 28 U.S.C. §1332.

## VENUE

6. Venue is proper in the Western District of Michigan, Southern Division, because all unlawful actions giving rise to Plaintiff's claims occurred in this District.

## COUNT I -  VIOLATION OF THE MICHIGAN AUTOMOBILE NO-FAULT STATUTE

7. Plaintiff incorporates the above paragraphs hereunder, word for word.

8. On or about August 14, 2019, Plaintiff Gale Radford was struck by a 2011 Ford Edge, causing substantial injuries, to wit:

    a.  Severe migraines;

    b.  Neck pain in  back of head near C5/C6 area and tenderness;

    c.  Shoulder pain, left and right;

    d.  Difficulty with balance;

    e.  Left arm pain, finger pain. tingling, numbness, sharp, stabbing, pain with swelling;

    f.  Shoulder pain and tightness;

    g.  Left bulge on shoulder/neck area;

    h.  Difficulty sleeping;

    i.  Blurred vision;

    j.  Anxiety;

    k.  Severe depression; and

    l.  Other possible injuries which will be revealed via discovery.

9. Through a policy paid for by Plaintiff, Defendant Falls Lake National Insurance Company had the responsibility of providing first party benefits to Plaintiff Gale Radford, including the following:

    a.  Replacement services;

    b.  Attendant care;

    c.  Wage loss;

    d.  Case management services;

    e.  Transportation; and

    f.  Other personal injury protection ("PIP") benefits including services provided by medical providers and prescriptions.

10. That Plaintiff Gale Radford has received or incurred PIP benefits, including replacement services, attendant care, transportation, wage loss, case management services, and other benefits, pursuant to the Michigan No-Fault Act.

11. Despite Defendant having received invoices for said benefits incurred as a result of the injuries sustained by Plaintiff Gale Radford, according to the Michigan No-Fault Act, Defendant has refused to pay or unreasonably delayed payment for said benefits.

12. That as a result of Defendant's failure to pay for the aforesaid benefits, Plaintiff Gale Radford  has sustained damages in the amount of more than $75,000.

WHEREFORE Plaintiff requests a judgment be entered against Defendant including interest, costs and actual attorney's fees.

## COUNT II – VIOLATION OF THE UNIFORM TRADE PRACTICES ACT, MCL 500.2006 ET SEQ.

13. Plaintiff incorporates the above paragraphs hereunder, word for word.

14. Defendant was submitted invoices for services rendered together with documents making Plaintiff's claims verified and meritorious as Plaintiff had serious medical impairments not reasonably in dispute.

15. Defendant failed to pay the same after 60 days and longer, despite said invoices being meritorious and Defendant having no legitimate reason to pay other than being dilatory, procrastinating and acting in bad faith.

16. Said conduct allows Plaintiff to recover prejudgment penalty pursuant to MCL 500.2006 et seq. (Michigan Uniform Trade Practices Act).

17. Wherefore Plaintiff prays that a judgment be entered against Defendant including interest, costs, and actual attorneys' fees.

WHEREFORE Plaintiff demands judgment be entered against Defendant for damages including costs, pre-judgment interest, and post- judgment interest

## **JURY DEMAND**

COMES NOW Plaintiff and makes her demand for trial by jury.

Respectfully Submitted,

/s/ Carla D. Aikens

Carla D. Aikens, P69530
Attorney for Plaintiff
Date: August 13, 2020
Carla D. Aikens, P.C.
615 Griswold, Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com
Phone: (844) 835-2993
Fax: (877) 454-1680